IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | Criminal Action Number |
| **LANIER ROBERT HIGGINS,** | **)** | **2:07-cr-450-UWC** |
| | **)** | |
| Defendant. | **)** | |

**MEMORANDUM OPINION ACCOMPANYING
SHOW CAUSE ORDER**

On the eve of his retirement from the bench, reluctantly this judge is compelled to commence this proceeding by his duty to insist on the requisite respect due to courts and judicial officers.

Since the Information was filed in this case, the United States has been represented by Assistant United States Attorney ("AUSA") Mat Hart, who heads the Public Corruption section of the United States Attorney's Office in North Alabama. Doc. 1.

The case arises out of a grand jury's investigation into corruption in Alabama's two year colleges. Defendant Higgins pled guilty to a charge of attempted obstruction of justice.  The basis of the charge was Higgins's false testimony to the grand jury concerning transactions with the former Chancellor of the Alabama Department of

1

Postsecondary Education.

The Court accepted Higgins' plea on December 19, 2007. On February 13, 2008, the Court set a sentencing date of June 30, 2008, at 10:00 A.M.

At the scheduled time and place, Higgins and his counsel appeared at the docket for sentencing. But, when the case was called, AUSA Matt Hart was conspicuously absent from the courtroom, and indeed, the courthouse.  Higgins' counsel advised the Court that although he and his client were ready to proceed.

After some delay and several efforts by the Court and others to reach him, AUSA Hart finally appeared.[1] .Until prompted by the Court, AUSA Hart offered no excuse or apology .His sole explanation for his failure to timely appear was that he had been sitting in a meeting and lost track of time.

**Not only was AUSA Hart late for the sentencing hearing,  he was unprepared!**  Incredibly, he had neglected to file the  motion for a downward departure as he had promised,[2] *and* he was unfamiliar with the file.[3]  After a recess to allow AUSA Hart to review his file, the sentencing hearing resumed.

---

[1]Transcript of Sentencing Hearing ("Tr."), pp.3, 5.

[2]*Id.*. 5.

[3]In response to the  Court's inquiry concerning the Defendant's objection to the pre-pre-sentence report, AUSA Hart stated: "Your Honor, we think the position of probation is – the defendant  –  Your Honor, might I have a moment to review this file?  I can't – I can't respond well to the Court. I apologize." Tr. 4, 5.

2

The Court permitted AUSA Hart to make an oral downward departure motion. Based on the details of the cooperation as recited by AUSA Hart,[4] the Court granted the motion and without objection sentenced the Defendant to four years of probation and a fine of $500. Doc. 21, Tr., 10.

Less than six months after being placed on probation, Defendant's alcoholism

---

[4]     MR. HART            Your Honor, this defendant was the driver and assistant to Chancellor Roy Johnson, former Chancellor Roy Johnson, Alabama Department of Postsecondary Education. He witnessed a substantial amount of criminal activity and participated in some of it with the Chancellor.

          After he pled guilty and came in on his own  - - and he did that on his own volition, actually, in the very beginning without an attorney  - - came to our office, and we came to the court and found a lawyer for him.

          But, he provided substantial assistance. He's met with his lawyer in Auburn, Alabama  - - or Opelika, Alabama, and helped prosecutors in other related cases, various related cases. And there's no question that his participation was substantial, and, I think, led, in part  - -   there were other people who also pled guilty - - but, certainly, Mr. Higgins' plea and his substantial assistance to the government  - - and to my knowledge, his forthrightness and honesty in all his interviews and interaction with the government since he pled guilty and came in was certainly helpful in securing a plea of Chancellor Johnson  - - and, therefore, saving the government a bunch of time and money, and it was good for justice.

          So, there is no doubt he provided substantial assistance.

     THE COURT:        Do you have a recommendation as to how far downward the Court should depart?

     MR. HART:         50 percent downward, Your Honor.

Tr. 7, 8.

and attendant problems resulted in the filing of petition to revoke his probation. Doc. 22. The Court granted the motion, and the Defendant, and all interested parties, including the Assistant United Sates Attorney, were notified by the Clerk that the Court had set a hearing on the petition for December 31, 2008, at 10:30 a.m. Doc. 23.

Inexplicably, **AUSA Hart did not appear for the revocation hearing!** Nor did anyone from the office of the United States Attorney for the Northern District of Alabama.

The hearing proceeded as scheduled, without representation of the United States.

The Court has not heard from AUSA Hart concerning this matter.

Based on these facts, the Court will issue an order requiring AUSA Hart to show cause why he should not be sanctioned for his unprofessional conduct.[5]

_____

[5]Following his unprofessional conduct of June 30, AUSA Hart indicated to the Court that he would "self-report" the same to his supervisors. The Court has since heard nothing form the United States Attorney or her office concerning the matter.

In a September 23, 2008, interview with two officials of the Department of Justice's Office of Professional Responsibility, this judge indicated that in his nearly thirty years on the bench, he has not seen this level of unprofessionalism by any of the numerous AUSAs who have appeared before him.

4

U.W. Clemon
United States District Judge